RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email:     raoul.kennedy@skadden.com

JEFFREY A. MISHKIN (admitted *pro hac vice*)
ANTHONY J. DREYER (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (917) 777-2000
Email:     jeffrey.mishkin@skadden.com
Email:     anthony.dreyer@skadden.com

Attorneys for Defendant
PGA TOUR, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM MICHAEL HICKS and KENNETH HARMS, as Class Representative Plaintiffs, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC. <br><br> Defendants. | CASE NO. 3:15-cv-00489-VC <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure

United States District Court
Northern District of California

1    and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

2    the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

3    Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

4    or responses to discovery and that the protection it affords from public disclosure and use extends

5    only to the limited information or items that are entitled to confidential treatment under the

6    applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that

7    this Stipulated Protective Order does not entitle them to file confidential information under seal;

8    Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

9    applied when a party seeks permission from the court to file material under seal.

10   2.    <u>DEFINITIONS</u>

11        2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of

12   information or items under this Order.

13        2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is

14   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

15   Civil Procedure 26(c).

16        2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well

17   as their respective support staff directly involved in this matter).

18        2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it

19   produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

20   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21        2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium

22   or manner in which it is generated, stored, or maintained (including, among other things, testimony,

23   transcripts, and tangible things), that are produced or generated in disclosures or responses to

24   discovery in this matter.

25        2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to

26   the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a

27   consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor,

28   and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's

2

1    competitor.

2        2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

3    Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

4    Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

5    less restrictive means.

6        2.8     House Counsel: attorneys who are employees of a party to this action. House

7    Counsel does not include Outside Counsel of Record or any other outside counsel.

8        2.9     Non-Party: any natural person, partnership, corporation, association, or other legal

9    entity not named as a Party to this action.

10       2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action

11    but are retained to represent or advise a party to this action and have appeared in this action on

12    behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

13       2.11    Party: any party to this action, including all of its officers, directors, employees,

14    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

15       2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

16    Material in this action.

17       2.13    Professional Vendors: persons or entities that provide litigation support services in

18    connection with this lawsuit (e.g., photocopying, videotaping, translating, preparing exhibits or

19    demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

20    employees and subcontractors who are providing such support services in connection with this

21    lawsuit.

22       2.14    Protected Material: any Disclosure or Discovery Material that is designated as

23    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24       2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a

25    Producing Party.

26    3.      SCOPE

27       The protections conferred by this Stipulation and Order cover not only Protected Material (as

28    defined above), but also (1) any information copied or extracted from Protected Material; (2) all

3

1    copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

2    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3    However, the protections conferred by this Stipulation and Order do not cover the following

4    information: (a) any information that is in the public domain at the time of disclosure to a Receiving

5    Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

6    publication not involving a violation of this Order, including becoming part of the public record

7    through trial or otherwise; and (b) any information known to the Receiving Party prior to the

8    disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

9    information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

10   Protected Material at trial shall be governed by a separate agreement or order.

11   4.    <u>DURATION</u>

12       Even after final disposition of this litigation, the confidentiality obligations imposed by this

13   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

14   otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

15   defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

16   and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

17   time limits for filing any motions or applications for extension of time pursuant to applicable law.

18   5.    <u>DESIGNATING PROTECTED MATERIAL</u>

19       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or

20   Non-Party that designates information or items for protection under this Order must take care to

21   limit any such designation to specific material that qualifies under the appropriate standards. To the

22   extent it is practical to do so, the Designating Party must designate for protection only those parts of

23   material, documents, items, or oral or written communications that qualify – so that other portions of

24   the material, documents, items, or communications for which protection is not warranted are not

25   swept unjustifiably within the ambit of this Order.

26       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

27   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

28

[PROPOSED] STIPULATED PROTECTIVE ORDER                                3:15-cv-00489-VC

1 encumber or retard the case development process or to impose unnecessary expenses and burdens on

2 other parties) expose the Designating Party to sanctions.

3       If it comes to a Designating Party's attention that information or items that it designated for

4 protection do not qualify for protection at all or do not qualify for the level of protection initially

5 asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

6 mistaken designation.

7       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

8 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

9 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

10 designated before the material is disclosed or produced.

11       Designation in conformity with this Order requires:

12       (a)  for information in documentary form (e.g., paper or electronic documents, but

13 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

14 affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15 ONLY" to each page that contains protected material. If only a portion or portions of the material on

16 a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

17 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level

18 of protection being asserted.

19       A Party or Non-Party that makes original documents or materials available for inspection

20 need not designate them for protection until after the inspecting Party has indicated which material it

21 would like copied and produced. During the inspection and before the designation, all of the material

22 made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

23 EYES ONLY." After the inspecting Party has identified the documents it wants copied and

24 produced, the Producing Party must determine which documents, or portions thereof, qualify for

25 protection under this Order. Then, before producing the specified documents, the Producing Party

26 must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

27 ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or

28 portions of the material on a page qualifies for protection, the Producing Party also must clearly

1  identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

2  specify, for each portion, the level of protection being asserted.

3       (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

4  Designating Party identify on the record, before the close of the deposition, hearing, or other

5  proceeding, all protected testimony and specify the level of protection being asserted. When it is

6  impractical to identify separately each portion of testimony that is entitled to protection and it

7  appears that substantial portions of the testimony may qualify for protection, the Designating Party

8  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

9  to have up to 21 days to identify the specific portions of the testimony as to which protection is

10  sought and to specify the level of protection being asserted. Only those portions of the testimony that

11  are appropriately designated for protection within the 21 days shall be covered by the provisions of

12  this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or

13  up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated

14  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

15       Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

16  other proceeding to include Protected Material so that the other parties can ensure that only

17  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

18  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

19  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

20  – ATTORNEYS' EYES ONLY."

21       Transcripts containing Protected Material shall have an obvious legend on the title page

22  that the transcript contains Protected Material, and the title page shall be followed by a list of all

23  pages (including line numbers as appropriate) that have been designated as Protected Material and

24  the level of protection being asserted by the Designating Party. The Designating Party shall inform

25  the court reporter of these requirements. Any transcript that is prepared before the expiration of a

26  21-day period for designation shall be treated during that period as if it had been designated

27  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

28  agreed. After the expiration of that period, the transcript shall be treated only as actually

6

1  designated.

2          (c)  for information produced in some form other than documentary and for any other

3  tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

4  containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information

6  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

7  portion(s) and specify the level of protection being asserted.

8          5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

9  designate qualified information or items does not, standing alone, waive the Designating Party's

10  right to secure protection under this Order for such material. Upon timely correction of a

11  designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

12  accordance with the provisions of this Order.

13  6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

14          6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

15  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

16  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

17  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

18  confidentiality designation by electing not to mount a challenge promptly after the original

19  designation is disclosed.

20          6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process

21  by providing written notice of each designation it is challenging and describing the basis for each

22  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

23  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

24  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

25  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

26  are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

27  Party must explain the basis for its belief that the confidentiality designation was not proper and

28  must give the Designating Party an opportunity to review the designated material, to reconsider the

1   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

2   designation. A Challenging Party may proceed to the next stage of the challenge process only if it

3   has engaged in this meet and confer process first or establishes that the Designating Party is

4   unwilling to participate in the meet and confer process in a timely manner.

5         6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

6   intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

7   Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

8   initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

9   will not resolve their dispute, whichever is earlier. For the first 2 challenges by a particular

10  Challenging Party, failure by the Designating Party to make such a motion including the required

11  declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality

12  designation for each challenged designation. After 2 challenges by a particular Challenging Party,

13  that Challenging Party shall have the burden to file future motions challenging confidentiality

14  designations, although the burden of persuasion for such motions shall remain with the Designating

15  Party. In addition, the Challenging Party may file a motion challenging a confidentiality designation

16  at any time if there is good cause for doing so, including a challenge to the designation of a

17  deposition transcript or any portions thereof. Any motion brought pursuant to this provision (whether

18  by the Designating Party or the Challenging Party) must be accompanied by a competent declaration

19  affirming that the movant has complied with the meet and confer requirements imposed by the

20  preceding paragraph.

21        The burden of persuasion in any such challenge proceeding shall be on the Designating

22  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

23  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

24  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

25  retain confidentiality as described above, all parties shall continue to afford the material in question

26  the level of protection to which it is entitled under the Producing Party's designation until the court

27  rules on the challenge.

28

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

1   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

2   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

3   bound by the court reporter and may not be disclosed to anyone except as permitted under this

4   Stipulated Protective Order; and

5         (g) the author or recipient of a document containing the information or a custodian or

6   other person who otherwise possessed or knew the information.

7       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

8   Information or Items. Unless otherwise ordered by the court or permitted in writing by the

9   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

11         (a) the Receiving Party's Outside Counsel of Record in this action, as well as

12   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

13   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

14   Bound" that is attached hereto as Exhibit A;

15         (b) House Counsel of the Receiving Party to whom disclosure is reasonably

16   necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

17   Bound" (Exhibit A);

18         (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

19   for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound"

20   (Exhibit A), and (3) who are not current officers, directors, or employees of a competitor of a

21   Party or anticipated to become one;

22         (d) the court and its personnel;

23         (e) court reporters and their staff, professional jury or trial consultants, and

24   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

25   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26         (f) the author or recipient of a document containing the information or a custodian

27   or other person who otherwise possessed or knew the information; and

28         (g) during their depositions, corporate representatives of the Disclosing Party to the

10

1    extent the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information relates to

2    the topic(s) on which the corporate representative has been designated.

3    8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

4          <u>LITIGATION</u>

5          If a Party is served with a subpoena or a court order issued in other litigation that compels

6    disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

7    CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must, prior to producing such

8    information or items:

9          (a)  promptly notify in writing the Designating Party. Such notification shall include a

10   copy of the subpoena or court order;

11        (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

12   other litigation that some or all of the material covered by the subpoena or order is subject to this

13   Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

14        (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

15   Designating Party whose Protected Material may be affected.

16        If the Designating Party timely seeks a protective order, the Party served with the subpoena

17   or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

18   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court

19   from which the subpoena or order issued, unless the Party has obtained the Designating Party's

20   permission. The Designating Party shall bear the burden and expense of seeking protection in that

21   court of its confidential material – and nothing in these provisions should be construed as

22   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

23   another court.

24   9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>

25          <u>LITIGATION</u>

26        (a)  The terms of this Order are applicable to information produced by a Non-Party in this

27   action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28   EYES ONLY." Such information produced by Non-Parties in connection with this litigation is

11

1    protected by the remedies and relief provided by this Order. Nothing in these provisions should be

2    construed as prohibiting a Non-Party from seeking additional protections.

3            (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

4    Party's confidential information in its possession, and the Party is subject to an agreement with the

5    Non-Party not to produce the Non-Party's confidential information, then the Party shall:

6                (1)  promptly notify in writing the Requesting Party and the Non-Party that some or

7    all of the information requested is subject to a confidentiality agreement with a Non-Party;

8                (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in

9    this litigation, the relevant discovery request(s), and a reasonably specific description of the

10   information requested; and

11               (3)  make the information requested available for inspection by the Non-Party.

12           (c)  If the Non-Party fails to object or seek a protective order from this court within 14

13   days of receiving the notice and accompanying information, the Receiving Party may produce the

14   Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

15   seeks a protective order, the Receiving Party shall not produce any information in its possession or

16   control that is subject to the confidentiality agreement with the Non-Party before a determination by

17   the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

18   seeking protection in this court of its Protected Material.

19   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

20           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

21   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

22   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

23   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

24   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

25   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

26   Be Bound" that is attached hereto as Exhibit A.

27

28

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>
      <u>MATERIAL</u>

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.     <u>FINAL DISPOSITION AND DESTRUCTION OR RETURN OF MATERIALS</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED:  6/2/15          By:

4                                THE LANIER LAW FIRM P.C.
                                 Lee Cirsch (Bar No. 227668)
5                                W. Mark Lanier (admitted *pro hac vice*)
                                 Eugene R. Egdorf (admitted *pro hac vice*)
6                                Benjamin T. Major (admitted *pro hac vice*)
                                 Ryan D. Ellis (admitted *pro hac vice*)
7                                Arthur R. Miller (admitted *pro hac vice*)
                                 Attorneys for Plaintiffs

8

9    DATED:  6/2/15          By:

10                               SKADDEN, ARPS, SLATE,
                                 MEAGHER, & FLOM LLP
11                               Raoul D. Kennedy (Bar No. 40892)
                                 Jeffrey A. Mishkin (admitted *pro hac vice*)
12                               Anthony J. Dreyer (admitted *pro hac vice*)
                                 Attorneys for Defendant PGA TOUR, Inc.

13

14

15   PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17   DATED: June 3, 2015

18                               Hon. Vince Chhabria

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER                    3:15-cv-00489-VC

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2015 in the case of *Hicks et al. v. PGA TOUR, Inc.*, No. 3:15-cv-00489 (VC). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER                                    3:15-cv-00489-VC