UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MICHAEL HICKS, et al., <br>     Plaintiffs, <br>     v. <br> PGA TOUR, INC., <br>     Defendant. | Case No. 15-cv-00489-VC <br><br> **ORDER DENYING MOTION TO TRANSFER VENUE** <br> Re: Dkt. No. 25 |

The motion to transfer venue to the Middle District of Florida is denied. Applying the multi-factor test that applies to transfer motions, *see generally Hendricks v. StarKist Co.*, 2014 WL 1245880, at *2 (N.D. Cal. Mar. 25, 2014), the Court concludes that the PGA Tour has not met its burden of showing that a transfer is warranted for the convenience of the parties and witnesses, nor has the Tour met its burden of showing that a transfer would promote the interests of justice. In particular:

- The conduct of which the caddies complain has occurred (and will, according to the allegations in the complaint, continue to occur) in this district, as well as other districts around the country.
- Because the alleged antitrust violations are allegedly harming caddies in this district as well as in the Middle District of Florida, this district has no less an interest in the proper adjudication of the caddies' claims than does the Middle District of Florida.
- All the plaintiffs have chosen to file their lawsuit here.
- Although only one plaintiff "resides" here, a caddie's "residence" is less significant than that of a typical plaintiff, because caddies spend most of their time traveling

around the country and the world to work at PGA Tour events.
- The case will likely be adjudicated more quickly in this courtroom.
- Nothing that happens before trial will be any less convenient for any party or witness if the case proceeds here instead of the Middle District of Florida. This is 2015. Document production and written discovery will be no more difficult if the case is located here. And no matter where the case is venued, the lawyers (who are from Texas and New York) will be flying around the country to take witness depositions where those witnesses are located.
- In the unlikely event the case goes to trial, it's true that PGA Tour employees would be required to travel from Florida to testify. But the convenience for third party witnesses is more important. *See, e.g., Bloom v. Express Services Inc.*, 2011 WL 1481402, at *3 (N.D. Cal. Apr. 19, 2011). The PGA Tour has made no showing that a trial in Northern California would be more inconvenient for third party witnesses (who are scattered throughout the country and arguably have a stronger presence here) than a trial in the Middle District of Florida.

**IT IS SO ORDERED.**

Dated: July 24, 2015

_____
VINCE CHHABRIA
United States District Judge